IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:09-CT-3142-FL

| | |
|---|---|
| LASCELLES SOMIE and ORAL MALCOLM, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> **MEMORANDUM IN SUPPORT OF THE GEO DEFENDANTS' MOTION TO DISMISS** <br> **Fed. R. Civ. P. 12** |

Defendants The GEO Group, Inc., George Snyder, David Farmer, David Blevins, and Carolyn Wolf (collectively "GEO Defendants") state the following grounds in support of their Motion to Dismiss:

## I. PLAINTIFFS FAILED TO ALLEGE A PHYSICAL INJURY RESULTING FROM THEIR REMOVAL FROM THE RELIGIOUS DIET PROGRAM

Although *pro se* plaintiffs are entitled to have their claims construed liberally, "this rule [cannot] be used to supply an allegation of injury different from the injury specifically alleged by" Plaintiffs. *Farabee v. Feix*, 119 Fed. Appx. 455, 457 n.2 (4th Cir. 2005). The Court cannot "supply new allegations of injury … without abandoning [its] proper role in favor of 'the improper role of an advocate seeking out the strongest arguments and most successful strategies' for Farabee." *Id.* (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). In other words, a court may not ignore a plaintiff's failure to allege facts necessary to establish a cognizable claim in federal court. *Rice v. NSC*, 244 F. Supp. 2d 594, 596 (D.S.C. 2001).

Here, Plaintiffs seek to have the Court advocate on their behalf by reading factual allegations into their Complaint that simply are not present. Recognizing that the PLRA requires them to allege a physical injury before they may state a cognizable claim, Plaintiffs attempt to

avoid dismissal of their claims under the PLRA's by claiming that, as a result of removal from the religious diet program, they "have both suffered and continue to suffer … weight loss." (Resp. Br. at 5.) This allegation appears nowhere in their Complaint and the Court should decline Plaintiffs invitation to imply such an allegation.

Because the Complaint lacks an allegation of physical injury, the entire action must be dismissed. The PLRA provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The term "civil action" encompasses the entire claim for relief, not the type of relief sought. Fed. R. Civ. P. 2 & 3; *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (discussing the PLRA's plain language, legislative history, and the scope of section 1997e(e)). Therefore, Plaintiffs' failure to allege a physical injury requires the Court to dismiss the Complaint in its entirety.

## II. THE RIVERS CONTRACT DOES NOT PROVIDE PLAINTIFFS WITH A CAUSE OF ACTION AGAINST GEO FOR ALLEGED VIOLATIONS OF RFRA

The terms of the contract between GEO and BOP do not allow Plaintiffs to privately enforce is provisions. Instead, the contract provides its own enforcement mechanisms that provide BOP with the exclusive right to enforce its provisions. *See Mathis v. GEO Group*, 2:08-ct-00021-D (E.D.N.C. Nov. 9, 2009). Because Plaintiffs do not have a right to enforce the terms of the Rivers Contract, their claims based upon an alleged breach of the contract's provisions must be dismissed.

### III. THE FOURTH CIRCUIT COURT OF APPEALS HAS ALREADY DETERMINED THAT GEO AND ITS EMPLOYEES ARE NOT GOVERNMENT ACTORS

Plaintiffs attempt to shoehorn the Defendants into the scope of RFRA by claiming that the defendants can be considered a government actor because they are "performing a function traditionally reserved for the government." (Resp. Br. at 8.) However, as this Court is aware, the Fourth Circuit has previously rejected this contention. *Holly v. Scott*, 434 F.3d 287 (4th Cir. 2006). Therefore, Plaintiffs'' RFRA claim must be dismissed.

### IV. THE INJUNCTION ENTERED IN *GARTRELL V. ASHCROFT* DOES NOT APPLY TO GEO

Plaintiffs next claim that Defendants are subject to RFRA because of an injunction entered against the BOP in *Gartrell v. Ashcroft*, 191 F. Supp. 2d 23, 40 (D.D.C. 2002). However, the injunction in *Gartrell* places obligations upon BOP to "consider each inmate's religious beliefs and practices" before assigning inmates to the Virginia Department of Corrections. *Id*. at 40. *Gartrell* has no application to this case and cannot prevent the dismissal of the Complaint.

### V. DEFENDANTS ARE NOT SUBJECT TO RLUIPA BECAUSE THEY DO NOT RECEIVE FEDERAL FINANCIAL ASSISTANCE

Plaintiffs cite the case of *Dean v. Corrections Corporation of America*, 540 F. Supp. 2d 691 (N.D. Miss 2008) in support of the position that GEO is subject to RULIPA because GEO receives funding from the federal government. However, Plaintiffs' reliance upon *Dean* is misplaced. First, unlike this case, the facility at issue in *Dean* was a state facility, not a federal facility. *Id*. at 691. Second, while GEO receives funds from the federal government, it does not receive "federal financial assistance" as that term is defined under federal law. Judge Dever recently conducted an exhaustive analysis of this term and determined that GEO does not receive

federal financial assistance. *See Mathis v. GEO Group*, 2:08-ct-00021-D (E.D.N.C. Nov. 9, 2009). Therefore, GEO is not subject to RLUIPA and Plaintiffs' RULIPA claim must be dismissed.

## CONCLUSION

Based upon the foregoing arguments and authorities, Defendants' Motion to Dismiss should be granted.

This the 8th day of March, 2010.

                        **WOMBLE CARLYLE SANDRIDGE & RICE**
                        *A Professional Limited Liability Company*

By: /s/ Robert T. Numbers II
      JAMES R. MORGAN, JR.
      (N.C. State Bar No. 12496)
      ROBERT T. NUMBERS, II
      (N.C. State Bar No. 34134)
      One West Fourth Street
      Winston-Salem, North Carolina 27101
      Phone: (336) 721-3600
      Fax: (336) 721-3660
      E-mail: jmorgan@wcsr.com
      E-mail: rnumbers@wcsr.com
      *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that on March 8, 2010, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system.

It is further certified that on March 8, 2010, a copy of the foregoing was served upon the following non-CM/ECF participant(s) by placing said copy in a postage paid envelope and addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

Lascelles Somie
39637-083
Rivers Correctional Institution
P. O. Box 630
Winton, NC  27986
*Pro Se Plaintiff*

Oral Malcolm
39711-083
Rivers Correctional Institution
P. O. Box 630
Winton, NC  27986
*Pro Se Plaintiff*

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*

By:  /s/ Robert T. Numbers, II
ROBERT T. NUMBERS, II
(N.C. State Bar No. 34134)
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
One West Fourth Street
Winston-Salem, NC   27101
Phone: (336) 721-3600
Fax: (336) 721-3660
E-mail: rnumbers@wcsr.com
*Attorneys for Defendants*