IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:09-CT-3142-FL

| | |
|---|---|
| LASCELLES SOMIE and ORAL MALCOLM, | )<br>)<br>) |
| Plaintiffs, | )<br>) **DEFENDANT THE GEO GROUP, INC.'S**<br>) **OBJECTION TO THE INITIAL ORDER** |
| v. | ) **REGARDING PLANNING AND**<br>) **SCHEDULING** |
| THE GEO GROUP, INC., et al., | )<br>) |
| Defendants. | ) |

Defendant The GEO Group, Inc. ("GEO") states the following objections to the Initial Order Regarding Planning and Scheduling filed by the Court on February 15, 2011:

## STATEMENT OF THE CASE

Plaintiffs Lascelles Somie and Oral Malcom initiated this action on August 17, 2009 by filing a Complaint in the United States District Court for the Eastern District of North Carolina ("Original Complaint"). The Original Complaint named The GEO Group, Inc. ("GEO"), former Rivers Warden George Snyder, Rivers Associate Warden David Farmer, Rivers Chaplain D. Belvens, and Food Service Administrator Wolfe as defendants (collectively "GEO Defendants"). Somie and Malcolm alleged that the Defendants violated their rights under the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by refusing to provide them with a diet that complies with the tenants of the 12 Tribe Rastafarian religion. Somie and Malcolm also claimed Defendants' actions violated the terms of the contract between GEO and the Bureau of Prisons ("BOP") and that they are third-party beneficiaries who may enforce the terms of the Rivers contract.

On January 11, 2010, the GEO Defendants filed a motion to dismiss the Original Complaint. Defendants Snyder and GEO sought to be dismissed due to improper service of process. The remaining defendants sought to have the Original Complaint dismissed because Somie and Malcolm's claims were barred by the Prison Litigation Reform Act and Defendants were not subject to RFRA or RLUIPA because they are non-governmental actors.

On October 6, 2010, Somie and Malcolm filed their First Amended Complaint. The First Amended Complaint names GEO and the BOP as defendants. Somie and Malcolm contend that their exclusion from Rivers' religious diet program violates their First Amendment rights and RFRA. The First Amended Complaint seeks various kinds of declaratory, injunctive, and monetary belief.

In response to the First Amended Complaint, both GEO and the BOP filed motions to dismiss. GEO asserts that it is entitled to be dismissed because its status as a non-governmental actor precludes Somie and Malcolm from maintaining First Amendment or RFRA claims against GEO. The BOP also contends that it is entitled to be dismissed from the suit because Somie and Malcolm failed to allege that their harm is the result of BOP actions. These pending motions have the potential to dispose of all claims against one or both defendants.

On February 15, 2011, the Court entered an Initial Order Regarding Planning and Scheduling ("Initial Order"). The Initial Order set a discovery deadline of July 14, 2011 and requires dispositive motions to be filed by August 15, 2011. The Initial Order further provided that "[i]f either party objects to the above proposed discovery plan, it should file its objection with the Court or include its alternative proposal(s) in its objection. Parties have twenty-one (21) days from the entry of this order to file any objection."

GEO files this objection pursuant to the instructions contained in the Initial Order.

2

Case 5:09-ct-03142-FL   Document 60   Filed 03/08/11   Page 2 of 5

## ARGUMENT

Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules "should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). As noted by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 559 (2007), discovery accounts for as much as 90% of litigation costs when it is actively pursued by the parties. The Supreme Court went on to state that it is only by requiring a plaintiff to demonstrate that he has stated a facially plausible claim before allowing discovery to commence "that we can hope to avoid the potentially enormous expense of discovery[.]" *Id*.

Given the potential expense of the discovery process and the Federal Rules' desire to ensure that litigation is conducted in the most efficient and inexpensive manner possible, federal courts are vested with a great deal of discretion over the timing and scope of the discovery process. Staying discovery until dispositive motions are resolved is a proper exercise of this discretion. *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed. Appx. 333 (4th Cir. Jan. 15, 2004), *cert. denied*, 543 U.S. 819 (2004). The factors favoring a stay of discovery include the potential for the dispositive motion to terminate all of the claims in the case or all of the claims against particular defendants, strong support for dispositive motion on the merits, and irrelevancy of the discovery at issue to dispositive motion. *See id.* at 735; *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

Given the nature of the motions pending before the Court, it is appropriate to stay discovery until the motions have been resolved. First, the dispositive motions filed by GEO and BOP will, if granted, dispose of all the claims against one or both Defendants. Second, as indicated in the GEO's brief, there is very strong support for the position that GEO is entitled to

3

be dismissed from this action because it cannot be held liable under the *Bivens* doctrine or under RFRA. Finally, as GEO's motion to dismiss is based upon Rule 12(b)(6), discovery is not relevant to the disposition of the motion. Therefore, given the procedural posture of this case, it is appropriate for the Court to stay discovery until such time as the dispositive motions have been resolved in order to ensure that this litigation proceeds in as efficient a manner as possible.

However, if any claims remain after the Court rules on the pending motions, GEO has no objection to the length of the discovery period described in the Initial Order.

## **CONCLUSION**

Based upon the foregoing arguments and authorities, discovery should be stayed until such time as the Court has resolved the pending motions to dismiss.

This the 8th day of March, 2011.

                    **WOMBLE CARLYLE SANDRIDGE & RICE**
                    *A Professional Limited Liability Company*

By:   /s/ Robert T. Numbers II_____
       JAMES R. MORGAN, JR.
       (N.C. State Bar No. 12496)
       ROBERT T. NUMBERS, II
       (N.C. State Bar No. 34134)
       One West Fourth Street
       Winston-Salem, North Carolina 27101
       Phone: (336) 721-3600
       Fax: (336) 721-3660
       E-mail: jmorgan@wcsr.com
       E-mail: rnumbers@wcsr.com
       *Attorneys for Defendant The GEO Group, Inc.*

**CERTIFICATE OF SERVICE**

     This is to certify that on March 8, 2011, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                         **WOMBLE CARLYLE SANDRIDGE & RICE**
                         *A Professional Limited Liability Company*

           By:     <u>/s/ Robert T. Numbers, II</u>
                    ROBERT T. NUMBERS, II
                    (N.C. State Bar No. 34134)
                    WOMBLE CARLYLE SANDRIDGE & RICE
                    *A Professional Limited Liability Company*
                    One West Fourth Street
                    Winston-Salem, NC   27101
                    Phone: (336) 721-3600
                    Fax: (336) 721-3660
                    E-mail: rnumbers@wcsr.com
                    *Attorneys for Defendant The GEO Group, Inc.*