IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3142-FL

| | |
|---|---|
| LASCELLES SOMIE and ORAL MALCOLM, ) ) ) ) Plaintiff, ) ) v. ) ) ) THE GEO GROUP, INC. and ) THE UNITED STATES OF AMERICA ) through its department, the FEDERAL ) BUREAU OF PRISONS, ) ) Defendants. ) | ORDER |

This matter comes before the court on matters of scheduling, where the court issued its initial order on February 15, 2011, giving the parties twenty-one (21) days within which to respond or object to the proposed schedule set forth therein. On March 7, 2011, defendant Bureau of Prisons ("BOP") filed its objection to the initial order and a motion to stay (DE #58), which has been fully briefed. On March 8, 2011, defendant GEO Group, Inc. ("GEO") filed its objection to the initial order, styled as a response (DE #60), which has been fully briefed. These matters accordingly are ripe for adjudication.

Plaintiffs, federal inmates at Rivers Correctional Institution ("Rivers"), allege in their amended complaint that defendants have refused to provide plaintiffs with a diet that complies with the tenants of the Twelve Tribes of Israel branch of the Rastafarian religion. Plaintiffs assert that their exclusion from Rivers' "Religious Diet Program" violates their First Amendment rights as well as the Religious Freedom Restoration Act ("RFRA").

GEO filed motion to dismiss on November 8, 2010. GEO seeks dismissal on the grounds that it is a private corporation that cannot be held liable for a constitutional violation, and also that RFRA is not applicable to it because it is not an agent or instrumentality of the United States. Plaintiffs filed a thorough response in opposition, and GEO later filed a reply. Similarly, BOP filed motion to dismiss on February 4, 2011, seeking dismissal based on the assertion that plaintiffs lack standing and also that plaintiffs failed to state a claim upon which relief may be granted. Plaintiffs filed response in opposition, to which BOP filed a reply.

Defendants subsequently filed objections to the court's initial order, both seeking a stay of discovery in light of the pending dispositive motions.[1] Defendants do not object to the court's proposed five-month period of discovery, but rather seek to postpone commencement of discovery until the court has ruled on the dispositive motions.

"Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court to issue orders establishing an array of limitations on discovery." Yongo v. Nationwide Affinity Ins. Co. of America, No. 5:07-CV-94, 2008 WL 516744, *2 (E.D.N.C. Feb. 25, 2008). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F.Supp.2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed.App'x. 333 (4th Cir. 2004), *cert. denied*, 543 U.S. 819 (2004). Factors the court looks to in determining whether to issue a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion.

---

[1] BOP styled its objection to the court's initial order as an objection and also motion to stay (DE #58). GEO's objection, styled only as response, is not lodged on the docket as a motion to stay (DE #60).

Yongo, 2008 WL 516744, at *2 (citing Tilley, 270 F.Supp.2d at 735; Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

In examining those factors as applied to this case, the court determines that a stay of discovery is warranted. The pending motions to dismiss, which are already fully briefed, will be fully dispositive if they find favor with the court. Defendants further demonstrate strong support for the motions, raising significant issues for the court's consideration. Plaintiffs do not dispute that discovery is not relevant to the dispositive motions and not necessary for the court's resolution of issues raised therein. Plaintiffs do assert that discovery in this case is likely to be minimal, and further assert that the burden to plaintiffs is significant as "plaintiffs are trying to vindicate their Constitutional and statutory rights to practice their religion." (Pls.' Mem. in Opp'n., 4) The court is not insensitive to plaintiffs' asserted constitutional deprivations, however finds that in furtherance of the just, speedy, and inexpensive determination of this action, and to preserve the resources of the court and the parties, a stay of discovery is warranted in this case.

For the foregoing reasons, defendant's motion to stay (DE #58) is GRANTED and discovery in this matter is STAYED pending the court's resolution of the dispositive motions. At that time, should issues then remain, the court shall issue such other and further orders setting parameters for discovery and other matters not inconsistent with those proposed in the court's initial order, to which the parties have stated no objection.

SO ORDERED, this the 11th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge