IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3142-FL

| | |
|---|---|
| LASCELLES SOMIE AND ORAL MALCOLM, <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC.; GEORGE SNYDER; ASSOCIATE WARDEN DAVID FARMER; CHAPLAIN D. BLEVINS; MS. WOLFE; AND THE UNITED STATES OF AMERICA; THE BUREAU OF PRISONS, <br><br> Defendants. | ORDER |

This matter comes before the court on the motion to dismiss (DE # 39) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted filed on November 8, 2010, by defendant The GEO Group, Inc. ("GEO"). Also before the court is a motion to dismiss (DE # 51) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed on February 4, 2011, by defendant the Bureau of Prisons ("BOP"). In response to BOP's motion, plaintiffs request the opportunity to amend their complaint. Issues raised in these motions are ripe for adjudication. For the following reasons, the court grants GEO's motion to dismiss, grants plaintiffs' request to amend, but denies BOP's motion to dismiss without prejudice.

## STATEMENT OF THE CASE

On August 17, 2009, plaintiffs, both inmates at Rivers Correctional Institution ("Rivers"), filed this action *pro se* pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), naming GEO, former Rivers Warden George Snyder, Rivers Associate Warden David Farmer, Rivers Chaplain D. Belvens, and Food Service Administrator Wolfe as defendants. Plaintiffs alleged these defendants refused to provide them with a diet that complies with the tenets of the Twelve Tribe Rastafarian religion and violated their rights pursuant to the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act. Plaintiffs also alleged that these defendants' actions violated the terms of the contract between GEO and BOP and that because they are third party beneficiaries of the contract, they may enforce its terms.

On October 6, 2010, plaintiffs, with leave of court, filed an amended complaint through counsel. Plaintiffs' amended complaint names only GEO and BOP as defendants. The amended complaint alleges that plaintiffs' exclusion from Rivers' religious diet program violates their rights under the First Amendment and Fifth Amendment to the United States Constitution and their rights pursuant to the RFRA. Plaintiffs' amended complaint seeks declaratory, injunctive, and monetary relief.

On November 8, 2010, GEO moved to dismiss plaintiff's complaint on the grounds that plaintiffs failed to state a claim upon which relief may be granted because GEO, as a private corporation, may not be held liable for a First Amendment constitutional violation pursuant to the United States Supreme Court's decision in Correctional Services Corp. v. Malesko, 534 U.S. 61

(2001), and the Fourth Circuit's decision in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006). Additionally, GEO asserts that it is not subject to the RFRA. The motion has been fully briefed.

On February 4, 2011, BOP filed a motion to dismiss, asserting that plaintiffs lack standing to sue BOP in this action because they fail to allege that BOP took any action to harm them. Alternatively, BOP alleges that plaintiffs failed to state a claim upon which relief may be granted because they failed to allege that BOP took any action to substantially burden their exercise of religion. The motion has been fully briefed.

Both defendants filed objections to the court's initial order seeking a stay of discovery in light of the pending dispositive motions. On May 12, 2011, the court issued an order finding that a stay of discovery is warranted, and stayed discovery in this matter until after the court's resolution of the dispositive motions.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiffs, plaintiffs make the following allegations. Plaintiffs are incarcerated at Rivers Correctional Institution, which is a private for profit correctional facility located in Winton, North Carolina, owned and operated by GEO under contract with BOP. BOP uses both BOP-operated correctional facilities as well as privately-owned and operated facilities to house inmates in federal custody. The Attorney General may contract with private entities for the housing, care, and custody of federal inmates. See 18 U.S.C. § 4013(a). Moreover, under the National Capital Revitalization Act of 1997, Congress mandated that BOP house, in private contract facilities, at least fifty (50) percent of the District of Columbia felony inmate population. See Pub. L. No. 105-33, § 11201, 111 Stat. 712, 734-37 (1997). Rivers currently houses approximately one thousand four hundred (1,400) inmates.

Both plaintiffs were raised in Jamaica and practice the Twelve Tribes of Israel branch of the Rastafarian religion. The Rastafarian faith is recognized by BOP, GEO, and officials at Rivers as a "religious belief" system. Many members of the Rastafarian faith observe a strict religious diet in accordance with the dietary laws of the Old Testament governing the consumption of fish, poultry, other meats, and excluding the consumption of pork. Plaintiffs' religious dietary needs may be met through provision of the "kosher meal" plan made available for Jewish inmates. GEO provides a "kosher meal" option at the Rivers facility.

The kosher meal plan only is made available to inmates approved by GEO for admission to the Religious Diet Program. In order to participate in the Religious Diet Program at Rivers, an inmate must request authorization by completing a form titled "Rivers Correctional Institution Authorization For Religious Diet Participation" and by participating in an interview with the Rivers Chaplain. The Chaplain is responsible for approving or disapproving requests for participation in the Religious Diet Program. Both plaintiffs completed a religious diet request form on August 17, 2007, and indicated a preference as Twelve Tribes Rastafarians and that the diet was required for their faith. The Rivers Chaplain approved both requests that same day.

The religious diet request form enumerates certain actions that will, under the policies employed at Rivers, result in an inmate's removal from participation in the Religious Diet Program and exclusion from that program for at least one year. These actions include: (1) being observed consuming non-Kosher mainline foods; (2) being observed purchasing non-Kosher commissary items which violate the inmate's religious diet; and (3) failure to attend three consecutive weekly services for the inmate's chosen faith, barring confinement in the segregated housing unit or medical facility. Plaintiffs, however, allege that GEO's Policy and Procedure Manual does not include all

4

of the preceding conditions. Rather, the manual identifies only food-related transgressions as the sole violations of the Religious Diet Program, and does not require attendance at religious services for participation in the religious diet program. Additionally, plaintiffs allege that BOP's policy governing religious programs does not include a requirement that an inmate attend religious services to qualify for a religious diet.

## DISCUSSION

A.   GEO

GEO moves to dismiss plaintiffs' amended complaint for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

### 1. First Amendment Claim

GEO argues that plaintiff's First Amendment claim relating to free exercise of religion fails because it cannot be held liable for a constitutional violation pursuant to the United States Supreme Court's decision in Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001), and the Fourth Circuit Court of Appeals' decision in Holly v. Scott, 434 F.3d 287 (2006). GEO asserts that these decisions preclude private corporations from liability pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiffs in turn assert that their First Amendment Claim is not a Bivens action because a Bivens action is a claim merely for damages, whereas plaintiffs seek declaratory and injunctive relief in addition to damages. Plaintiffs assert that their request for declaratory and injunctive relief removes this claim from the realm of Bivens and distinguishes the cause of action from those considered by the Fourth Circuit in Holly and the Supreme Court in Malesko. However, another court in this district recently held otherwise in Mathis v. GEO Group, No. 2:08-CT-21-D (E.D.N.C. Nov. 9, 2009). In particular, the Mathis court found:

> Although plaintiff contends that the remedy sought in Bivens and Carlson is significant, the Fourth Circuit has cited Bivens and Bell v. Hood, 327 U.S. 678, 684 (1946), as recognizing a federal court's equitable power, in cases arising under 28 U.S.C. § 1331, to enjoin federal officers in their official capacity from enforcing unconstitutional statutes or to direct federal officers to act to safeguard constitutional rights. See e.g., Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir. 1987); Taylor v. Cohen, 405 F.2d 277, 279-80 (4th Cir. 1968) (en banc); Phelps v. Hadden, No. 94-6421, 1994 WL 273945, at *1 (4th Cir. June 22, 1994) (per curiam) (unpublished).[] Nonetheless, regardless of whether plaintiff seeks damages or an injunction from GEO under Bivens or Bell v. Hood, government action is required, and the Supreme Court and the Fourth Circuit have rejected the notion that GEO-a private entity operating a private prison-is a government actor who can violate the Eighth Amendment.

6

> See e.g., Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001);
> Holly, 434 F.3d at 289-94.[]

Id.

Plaintiffs attempt to distinguish this action from Holly and Mathis on the grounds that, unlike the plaintiffs in those actions, they lack any adequate alternative remedy or cause of action at state law. However, plaintiffs have not sufficiently demonstrated that they could not pursue a claim in state court based upon state law.[1] Accordingly, the court finds that this action is not distinguishable from Holly or Mathis on the ground of lack of alternative remedies. Further, the court agrees with the court's findings in Mathis and similarly finds that because government action is required for liability pursuant to the First Amendment, the Fourth Circuit's holding in Holly and the Supreme Court's holding in Malesko bar plaintiffs' First Amendment claim. Based upon the foregoing, plaintiffs' First Amendment claim is DISMISSED.

### 2. RFRA Claim

GEO argues that plaintiffs' RFRA claim fails because GEO is not subject to RFRA because it is a private corporation. RFRA prohibits the federal government from "substantially burden[ing]" a person's exercise of religion, even as a result of a law of general applicability, unless the federal prison can demonstrate that the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a)-(b);[2] Madison v. Riter, 355 F.3d 310, 315 (4th Cir. 2003); O'Bryan v. Bureau of Prisons, 349 F.3d 399, 401 (7th Cir. 2003).

---

[1] The court notes that North Carolina has a civil rights statute, N.C. Gen. Stat. § 99D-1.

[2] The United States Supreme Court's decision in City of Boerne v. Flores, 521 U.S. 507 (1997), invalidated RFRA as it applied to states and localities. See Madison v. Riter, 355 F.3d 310, 315 (4th Cir. 2003).

7

RFRA's provisions apply to any "branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States[.]" 42 U.S.C. § 2000bb-2(1). Under RFRA, the term "government" is defined to include a "person acting under color of law." See id. The required degree of state action under RFRA is analyzed pursuant to the same standard as 42 U.S.C. § 1983. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (11th Cir. 2011).

The Fourth Circuit in Holly addressed the issue of whether GEO employees are state actors, and found that they were not because the actions of employees of a private company operating a federal prison are not fairly attributable to the federal government. Holly, 434 F.3d at 291-294, but see Pollard v. GEO Group, Inc., 607 F.3d 583, 588-93 (9th Cir. 2010) (disagreeing with Holly and finding that employees of a private corporation operating federal prison act under color of federal law for purposes of Bivens liability). As part of its analysis, the Fourth Circuit in Holly specifically found that employees of a private corporation under contract with the federal government were not "federal officials, federal employees, or even independent contractors in the service of the federal government." Holly, 434 F.3d at 292. Instead, the court found that these employees were employed by GEO, a private corporation. Id. The Fourth Circuit further found that nothing suggested that "the federal government [had] any stake, financial or otherwise, in GEO. . . . Nor [was] there any suggestion that federal policy played a part in defendants' alleged failure to provide adequate medical care, or that defendants colluded with federal officials in making relevant decisions." Holly, 434 F.3d at 292. Thus, the court in Holly made clear that GEO and its employees are not considered state actors.

8

Plaintiffs argue that the instant case is distinguishable from Holly in that the plaintiff in Holly pursued a Bivens action against individual GEO employees, whereas plaintiffs in this action are pursuing a RFRA claim against GEO. Although the causes of action differ, both require a finding of state action, and the Fourth Circuit found no state action in Holly. Additionally, to the extent plaintiffs assert that this case is distinguishable from Holly because Holly pertains to individual employees of GEO and not GEO as a corporate entity, the court rejects this assertion because the state action analysis in Holly is focused on GEO as a corporate entity. Holly, 434 F.3d at 292-93.

Plaintiffs further seek to distinguish the instant case from Holly on the grounds that, in this case, GEO's policies and management are intimately entwined with those of BOP. In support of this argument, plaintiffs allege that BOP has personnel on site at Rivers, working with and among GEO's staff and actively monitoring and directing GEO's performance of its contractual duties. GEO's contractual duties expressly include an obligation imposed on GEO by BOP to comport GEO's religious programs with the requirements of the United States Constitution and RFRA. To this end, plaintiffs allege that BOP has issued guidance in the form of a Technical Reference Manual explaining how the religious beliefs and practices of federal inmates are to be administered and facilitated in a correctional environment.

In Holly, the Fourth Circuit considered whether there was any suggestion that federal policy played a part in the defendants' alleged failure to provide adequate medical care, or that the defendants colluded with federal officials in making the relevant decisions. Holly, 434 F.3d at 293. The court in Holly found that there was no such suggestion. Id. Likewise, in this case, plaintiffs do not allege that federal policy played any role in GEO's alleged failure to comply with RFRA. Rather, plaintiffs allege that BOP required GEO to establish religious program standards that comply

9

with the United States Constitution and RFRA, and that BOP was to monitor GEO to ensure such compliance. (Am. Compl. 16-19.) Notably, the disputed requirement, i.e., that an inmate attend religious services to obtain a religious diet, is not included within GEO's Policy and Procedures Manual, nor is it a part of the BOP's policies and procedures. (Id. 37, 40-46.) Rather, the requirement only appears on GEO's religious diet request form. (Id. 36-37.) Accordingly, the conduct of which plaintiffs complain is not a result of an official BOP-approved GEO policy. Thus, the court finds that this action is not distinguishable from Holly on this ground, and that GEO and BOP are not so intimately intertwined that GEO must be considered a state actor.

Applying the Fourth Circuit's decision in Holly to the facts of this case, the court finds that GEO is not a state actor. Because GEO is not a state actor, it does not qualify as an instrumentality of the government for the purposes of RFRA. Thus, plaintiffs may not sue GEO under RFRA, and GEO's motion to dismiss is GRANTED.

B.  BOP

BOP first argues that the court lacks subject matter jurisdiction, pursuant to rule 12(b)(1), over plaintiffs' claims due to lack of standing. Article III standing requires a plaintiff to show: (1) injury-in-fact; (2) a causal connection or traceability; and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The parties agree that plaintiffs are able to meet the first and third prongs of the standing test. However, the parties dispute whether plaintiffs adequately allege the causation element of the standing test. To establish causation, Article III requires "a 'causal connection between the injury and the conduct complained of,' meaning that the injury is 'fairly traceable' to the defendant's actions." Covenant Media of S.C., LLC v. City of Charleston, 493 F.3d 421, 428 (4th Cir. 2007) (quoting Lujan, 504 U.S. at 560). A claim against BOP in this action may

not be based upon derivative liability. See Mathis v. GEO, No. 2:08-CT-21-D, 8-10 (E.D.N.C. Nov. 9, 2009).

BOP asserts that plaintiffs are unable to establish causation because they failed to allege that BOP took any action to harm them. To establish causation, plaintiffs rely upon the existence of the contract between Rivers and GEO. BOP argues that the contract is insufficient to establish causation because plaintiffs have not alleged that BOP had knowledge that GEO required inmates to attend religious services to obtain a religious diet. BOP asserts that plaintiffs' own amended complaint demonstrates that BOP did not have knowledge of this requirement because it was not contained in the BOP-approved, GEO-written policy. Rather, the requirement to attend religious services was contained in GEO's religious diet request form.

In response, plaintiffs allege that BOP had knowledge of GEO's requirement that an inmate seeking a religious diet attend religious services based upon their general allegations of such knowledge in their First Amended complaint. Specifically, plaintiffs assert that their general allegations encompass the allegation that BOP knew of plaintiffs' specific grievance against GEO regarding the religious diet program and affirmatively acted to deny them relief. Plaintiffs alternatively state that should the court disagree that their general allegations encompass their more specific allegations regarding their grievances, they request the opportunity to amend their complaint. In an abundance of caution, the court allows plaintiffs the opportunity to amend their complaint. Because the court is allowing plaintiffs to amend their complaint, BOP's motion to dismiss is DENIED without prejudice.[3]

---

[3] The court notes that, in addition to the grounds of standing, BOP also moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. The court finds it necessary to allow plaintiffs to amend their complaint prior to adjudicating the merits of BOP's 12(b)(6) motion.

## CONCLUSION

For the foregoing reasons, GEO's motion to dismiss (DE # 39) is GRANTED. However, BOP's motion to dismiss (DE # 51) is DENIED without prejudice. Plaintiffs are ALLOWED twenty-one (21) days to amend their complaint in accordance with this court's order. Given that the court has ruled upon the pending motions to dismiss, the court finds it appropriate to set parameters for discovery in this action. All discovery shall be commenced or served in time to be completed by December 15, 2011. All motions, including dispositive ones, shall be filed by January 16, 2012.

SO ORDERED, this the 12th day of October, 2011.

_____
LOUISE W. FLANAGAN
United States District Judge